UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph E. Ellsworth,  Case No. 15-cv-2173

    Plaintiff

v.  MEMORANDUM OPINION

Commissioner of Social Security,

    Defendant

## I. Introduction

Before me are Plaintiff Joseph E. Ellsworth's objections to Magistrate Judge Thomas M. Parker's Report and Recommendation. (Doc. Nos. 19, 20).

## II. Background

Ellsworth protectively filed applications for Disability Insurance Benefits and Supplemental Security Income disability on April 9, 2012. After the application was denied on the initial and reconsideration levels, Ellsworth was granted a hearing on May 24, 2014. At the hearing he alleged that he was physically and intellectually disabled, citing special education classes in high school, back pain, tremors, depression, and anxiety. On August 7, 2014, the ALJ denied disability benefits. The Appeals Council affirmed the ALJ's decision. Ellsworth appealed the decision to this court on the grounds that: (1) the ALJ erred in denying disability under Listing 12.05C; and (2) the ALJ erred by failing to adopt all limitations contained in a report to which he gave "significant weight." Magistrate Judge Parker recommends I affirm the ALJ's decision. I find Magistrate Judge Parker has accurately and comprehensively set forth the procedural and factual background of the case and adopt those sections of the R & R in full. (Doc. No. 19 at 1-8).

## III. STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. DISCUSSION

Ellsworth objects to the Magistrate Judge's affirmation of the ALJ's decision on both the validity of the IQ score for purposes of intellectual disability under Listing 12.05C and the ALJ's decision not to adopt every limitation suggested by the state agency non-examining physician. I will address both objections in turn.

### A. Listing 12.05C

To establish intellectual disability under Listing 12.05C, Ellsworth must prove: (1) "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period"; (2) "[a] valid verbal, performance, or full scale IQ of 60 through 70"; and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. pt. 404, subpt. P, app.1 §12.05 (Feb. 26,

2014-Dec. 8, 2014); *see also Peterson v. Comm'n of Soc. Sec.*, 552 F App'x 533, 539 (6th Cir. 2014). The third element is satisfied because the ALJ found that Ellsworth had "severe impairments" that had "more than a minimal effect on [his] ability to perform basic work functions." (Doc. No. 11 at 24). Since the ALJ did not address the first element, I will assume it is satisfied. Ellsworth challenges the ALJ's finding that the second element was not met because his verbal IQ score of 63 was "inconsistent with his overall adaptive and work-related functioning." *Id.* at 27.

When determining the validity of an IQ score, the ALJ may consider the narrative report accompanying the test results and ensure the score is "consistent with the developmental history and the degree of functional limitation." 20 C.F.R. pt. 404, subpt. P, app.1 § 12.00(D)(6)(a) (Feb. 26, 2014-Dec. 8, 2014). "The ALJ may choose to disregard I.Q. scores that would normally lead to a finding of disability when those scores were undermined by a doctor's full evaluation." *Dragon v. Comm'r of Soc. Sec.*, 470 F App'x 454, 462 (6th Cir. 2012); *see also Daniels v. Comm'r of Soc. Sec.*, 70 F App'x 868, 869, 872-73 (6th Cir. 2003) (finding that the ALJ properly disregarded a 67 performance IQ based on the complete contents of the administering doctor's report that ultimately diagnosed the plaintiff with "borderline to dull-normal intelligence").

Dr. James E. Tanley conducted a disability assessment and determined Ellsworth's full scale IQ to be 71 based upon the following subscores: 63 in verbal comprehension and working memory, 94 in perpetual reasoning, and 76 in processing speed. (Doc. No. 11 at 396). In his evaluation of the scores, Dr. Tanley stated, "The 31 point VCI-PRI spread is significant and strongly suggestive of a Learning Disorder for Verbally Oriented Material. The claimant will therefore be diagnosed with a Learning Disorder in lieu of Borderline intelligence overall." *Id.* Even though Ellsworth's verbal score is within the 60-70 range indicative of intellectual disability, Dr. Tanley's assessment of the scores does not place Ellsworth in the category of borderline intelligence, let alone intellectual disability. *See, e.g., Justice v. Comm'r Soc. Sec. Admin.*, 515 F. App'x 583, 587 (6th Cir. 2013) (characterizing "borderline intellectual functioning" as a "less severe diagnosis" than intellectual

3

disability). Based on Dr. Tanley's narrative report accompanying the test, I find the ALJ had substantial evidence to discount the low IQ score, and he articulated why he discounted that score in the decision. Ellsworth's first objection is overruled.

**B.      State Agency Opinion**

When considering an application for supplemental security income, the Social Security Administration ("SSA") must evaluate every medical opinion received. 20 C.F.R. §§ 404.1527(c), 416.927(c) (Aug. 24, 2012- Mar. 26, 2017). The SSA places medical sources into three categories: (1) non-examining sources; (2) non-treating, but examining, sources; and (3) treating sources. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). Here, Dr. Patricia Semmelman was a non-examining state agency consultant. As a state agency consultant, Dr. Semmelman is considered to be an "expert[] in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). Ellsworth does not object to the significant weight given to Dr. Semmelman's opinion, but states that the ALJ erred by not adopting *all* of the limitations in the opinion or explaining why he did not do so.

Since the ALJ did not grant the treating physician controlling weight, he "must explain in the decision the weight given to the opinions of a State agency …consultant…as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us." 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii). Even if one opinion is given *significant* weight, it is not the same *controlling* weight sometimes given to a treating physician. 20 C.F.R. §§ 404.1527(c), 416.927(c). Instead, when determining the RFC, the ALJ must review all of the evidence and determine the individual weight of an opinion by considering factors such as whether the opinion is consistent with the record as a whole. 20 C.F.R. §§ 404.1527(c)(4) & (d)(1), 416.927(c)(4) & (d)(1). In short, the ALJ must explain the weight of the opinion as a *whole*, rather than specific portions of the opinion. The ALJ's decision need not parrot only one opinion given significant weight, but be supported by substantial evidence contained in the entire record.

Here, Ellsworth alleges the ALJ improperly omitted or failed to consider limitations contained in Dr. Semmelman's opinion, citing two specific examples. (Doc. No. 20 at 6-8). First, he argues that Dr. Semmelman's statement that "[i]nstructions may require repetition and simplification" should be interpreted to mean Ellsworth "required supervision above the norm such that he needed assistance with tasks on a more-than-occasional basis." Simplified or repeated instruction is not equivalent to "supervision." And "may" does not mean "more-than-occasional[ly]." Further, the vocational expert did not opine that Ellsworth "required supervision above the norm such that he needed assistance with tasks on a more-than-occassional basis," but instead answered a direct question about persons who would. (Doc. No. 11 at 60-61). The ALJ fully discussed Dr. Semmelman's opinion regarding Ellsworth's need for "very simple" instructions, "simple routine tasks," slow paced tasks, and infrequent change at work. (Doc. No. 11 at 31, 111-12). Dr. Semmelman ultimately found that Ellsworth was not disabled and could "adjust to other work." *Id.* at 114. Contrary to Ellsworth's assertion, Dr. Semmelman's limitations do not "preclude employment." (Doc. No. 20 at 7).

Second, Ellsworth asserts the ALJ failed to explain Dr. Semmelman's opinion that he was "moderately limited" in the abilities to concentrate for extended periods of time and complete a normal workday and workweek without interruptions. With respect to concentration, the ALJ cited Ellsworth other treatment records citing the ability to "maintain attention, concentration and pace," along with "organized thought processes," intact memory, and orientation times three and four. (Doc. No. 11 at 26-27, 395-97, 440, 450-53). The ALJ also acknowledged that "concentration deemed adequate while noting some hesitance and stuttering of speech." *Id.* at 27. Considering the record as a whole, the ALJ found that Ellsworth could "maintain attention and concentration for two-hour segments" and "complete a normal workweek without *excessive* limitations." *Id.* (emphasis added). The relatively short two-hour concentration period and qualifying language regarding limitations is consistent with Dr. Semmelman's opinion that Ellsworth is "moderately limited" in

5

these areas. The ALJ's finding is also supported by substantial evidence in the remainder of the record. Since the ALJ's decision appropriately describes Dr. Semmelman's opinion and the weight given to it, Ellsworth's second objection is overruled.

## V. CONCLUSION

For the foregoing reasons, both of Ellsworth's objections are overruled. I adopt Magistrate Judge Parker's R&R and affirm the ALJ's decision.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge